**Mario SANTOS–SALADO; Wendy Robles–Palma, Petitioners,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–73102.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Jan. 8, 2010.

Hugo F. Larios, Esquire, Tempe, AZ, for Petitioners.

District Counsel, Esquire, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Eric Warren Marsteller, Esquire, Trial, Mona Maria Yousif, Esquire, DOJ— U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Mario Santos–Salado and Wendy Robles–Palma, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen and reconsider. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and reconsider, and review de novo claims of due process violations, including ineffective assistance of counsel claims, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen re-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

garding ineffective assistance of counsel because petitioners failed to comply with the requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988), and the ineffective assistance is not plain on the face of the record. *See Reyes v. Ashcroft,* 358 F.3d 592, 597–99 (9th Cir. 2004).

In their opening brief, petitioners fail to challenge the BIA's decision denying their motion to reconsider and have waived any challenge to the BIA's determination that they failed to identify any error of fact or law in the BIA's prior order denying their motion to reopen. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.